**Motion Denied; Order filed December 8, 2016.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-16-00619-CV
_____

**DORA LINDA RODRIGUEZ AND FRANCISCO RODRIGUEZ, Appellants**

**V.**

**OVATION SERVICE, LLC, Appellee**

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2014-41901**

## ORDER

Appellants were not permitted to proceed without payment of costs in the trial court. On September 23, 2016, appellants Dora Linda Rodriguez and Francisco Rodriguez filed in this court a motion to show material change in financial circumstances. *See* Tex. R. App. P. 20.1(b)(3). According to appellants' motion, on October 16, 2014, the trial court sustained the district clerk's contest to appellants' pauper's oaths. Texas Rule of Appellate Procedure 20.1(b)(3)(B) provides that this court may decide such a motion based on the record or refer the motion to the trial

court with instructions to hear evidence and issue findings of fact.

On October 13, 2016, this court referred appellants' motion to the trial court. On November 10, 2016, the trial court held a hearing at which all parties appeared. Appellants Francisco and Dora Linda Rodriguez testified at the hearing. Francisco testified that their financial circumstances had changed dramatically since the trial court's initial ruling in 2014. He testified that their previous lawyer drained their finances by charging them $3,000, but not performing to the Rodriguezes' satisfaction. At the time of the hearing Francisco had been unemployed for approximately one month. His electricity and gas had been turned off, and his car had been repossessed. He has paid property taxes on the property that is the subject of the litigation.

Francisco submitted an affidavit to the court, which was deficient in that it failed to (1) state the costs he had to pay for the appeal; (2) list real or personal property; (3) list dependents or debts owed; or (4) list the nature and amount of monthly expenses. Francisco testified that his wife attempted to obtain loans to pay the court costs, but was denied. He had no records of the attempts to obtain loans.

Dora Linda Rodriguez, Francisco's wife, testified that at the time of the hearing the Rodriguezes were one month behind in rent. Dora Linda testified that their previous lawyer moved to Kuwait before completing work for them. Dora Linda testified that they still owned property that was the subject of the suit. They were paying property taxes and no financial institution or taxing authority had begun foreclosure proceedings. Dora Linda takes home approximately $2,000 in monthly income, and has a car.

No evidence was presented as to the cost of the clerk's record or reporter's record.

On November 11, 2016, the trial court signed findings of fact and conclusions of law in which the court found:

**Findings of Fact**

1. On September 23, 2016, Plaintiffs/Appellants filed a Motion at the Fourteenth Court of Appeals to show material change in financial circumstances.

2, On October 18, 2016, Plaintiffs/Appellants filed a Motion to Determine Inability to Pay Costs (titled by Plaintiffs/Appellants as "Motion to Determine Indigency Upon Hearing, For Purposes of Appeal.").

3. On October 19, 2016, Court Reporter, Jodi Masera, filed a Contest of Affidavit of indigence under Texas Rule of Appellate Procedure 20.1.

4. Plaintiff/Appellant, Francisco Rodriguez, filed an Affidavit of Indigency with the Court on September 7, 2016.

5. On November 10, 2016 an evidentiary hearing was held to determine Plaintiffs/Appellants ability to afford costs.

6. Plaintiff/Appellant, Francisco Rodriguez, testified that there was a change in the affidavit, in particular that his net income after taxes decreased, but that his wife's income increased by more than the decrease.

7. Plaintiff/Appellant, Dora Rodriguez, did not file an Affidavit of Indigency itemizing the information required by Texas Rule of Appellate Procedure 20.1(b).

8. Plaintiff/Appellant, Dora Rodriguez, filed an Affidavit certain facts about her financial condition, but did not describe the items set forth in Texas Rule of Appellate Procedure 20.1(b).

9, Plaintiffs/Appellants did not provide evidence regarding the amount of court costs.

10. Plaintiffs/Appellants did not provide evidence of their inability to afford court costs.

**Conclusions of Law**

1. Plaintiffs/Appellants bore the burden to prove inability to afford

costs.

2. Proper notice of the oral evidentiary hearing required under Texas Rule of Civil Procedure 145(f)(5) was given.

3. The Court finds that despite being given proper notice of the oral evidentiary hearing, the Plaintiffs/Appellants failed to provide sufficient evidence of costs. Based on the burden and the lack of evidence presented to carry their burden, this Court finds that Plaintiffs/Appellants can afford to pay the costs of Court,

4. The Court finds that despite being given proper notice of the oral evidentiary hearing, Plaintiffs/Appellants failed to provide sufficient evidence of their inability to afford costs. Based on the burden and the lack of evidence presented to carry their burden, this Court finds that Plaintiffs/Appellants can afford to pay the costs of Court.

5. The Court finds that despite being given proper notice of the oral evidentiary hearing, Plaintiffs/Appellants failed to comply with the requirements of Texas Rule of Appellate Procedure 20.1(b). Based on the burden and the lack of evidence presented to carry their burden, this Court finds that Plaintiffs/Appellants can afford to pay the costs of Court

6. The Court finds that despite being given proper notice of the oral evidentiary hearing, Plaintiffs/Appellants failed to provide sufficient evidence to illustrate a change in financial circumstances to show inability to afford costs. Based on the burden and the lack of evidence presented to carry their burden, this Court finds that Plaintiffs/Appellants can afford to pay the costs of Court[.]

7. The Court finds that, the Plaintiffs/Appellants' Net Combined Income increased from the Plaintiff/Appellant Francisco Rodriguez filed his Affidavit of Indigency.

8. The Court finds that, based on the evidence provided by Plaintiffs/Appellants, they have not had a change in financial circumstances and can therefore afford costs.

Having reviewed the record, we conclude it contains sufficient evidence to support the trial court's findings that appellants' financial circumstances have not materially changed. Accordingly, we deny appellants' motion to proceed without payment of costs.

Appellants are directed to pay the filing fee in this appeal, and to pay or make arrangements to pay for the clerk's record and the reporter's record. Unless appellants pay the filing fee, and provide this court with proof of payment for the record within fifteen days of the date of this order, we will dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 37.3(b).

PER CURIAM

Panel consists of Chief Justice Frost and Justices McCally and Brown.